UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GINEMAN,

        Plaintiff,

vs.

        Case No. 09-CV-11955
        HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA
(DEPARTMENT OF VETERAN AFFAIRS),

        Defendant.

_____/

## ORDER GRANTING, IN PART, DEFENDANT'S MOTION TO DISMISS (#7) DISMISSING PLAINTIFFS' CLAIMS AS THEY PERTAIN TO THE PONTIAC VA COMMUNITY OUTPATIENT CLINIC

Defendant United States of America, on behalf of the Department of Veteran Affairs ("VA"), moves to dismiss plaintiff Robert Gineman's medical malpractice claims for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Gineman alleges in his May 21, 2009 Complaint that he presented at the VA Medical Center in Detroit ("Detroit VAMC") on August 15, 2005, telling medical treaters that he suffered severe pain and heard a "pop" in his right forearm while lifting a heavy object. Gineman alleges that his arm was x-rayed, and that he was diagnosed with a severe muscle strain. Gineman alleges that no follow-up was contemplated at Detroit VAMC. Gineman continues by alleging that he presented at the Pontiac VA Community Outpatient Clinic ("Pontiac CBOC") less than three weeks later, on September 2, 2005, complaining

that the pain medication he was given at the Detroit VAMC was not effective. Pontiac CBOC treaters allegedly diagnosed Gineman with "arm pain secondary to biceps tendon injury," telling Gineman that he did not have "a complete tear or rupture of the muscle or tendon." Pontiac CBOC treaters allegedly told Gineman that they would order an orthopedic consult if his arm did not get better. Gineman alleges that an orthopedic consult was performed on February 14, 2006, and that he was told "the injury was too far out for surgical correction." Gineman alleges he continues to have pain, disability, and deformity in his upper right arm. Gineman alleges medical malpractice against "the Defendants" for failing to timely perform appropriate diagnostic testing such as an MRI, failing to timely advise him to return for follow-up evaluation and testing, failing to timely diagnose his condition and institute appropriate surgical treatment, and failing to timely refer him for an orthopedic consultation.

The United States, on behalf of the VA, moves to dismiss Gineman's claims for lack of federal subject matter jurisdiction, arguing that the waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA") only applies to government employees, and not to independent contractors such as Pontiac CBOC. The United States moves to dismiss Gineman's claims pertaining to treatment he allegedly received at the Detroit VAMC for failure to state a claim on which relief may be granted, arguing the Complaint lacks specific allegations of negligence committed by Detroit VAMC or its employees.

## I. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the court's subject matter jurisdiction. The United States' motion to dismiss is a factual attack on the court's subject matter jurisdiction. In analyzing the motion

> [t]here is no presumption that the factual allegations set forth in the complaint are true and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." [United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. Cir.), cert. denied, 513 U.S. 868 (1994)]. The court has wide discretion to consider materials outside the pleadings in assessing the validity of its jurisdiction. Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of demonstrating subject matter jurisdiction. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

Ashley v. United States, 37 F.Supp.2d 1027, 1029 (W.D. Mich. 1997). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Sweeton v. Brown, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting United States v. Siviglia, 686 F.2d 832, 835 (10th Cir. 1981), cert. denied, 461 U.S. 918 (1983)).

Federal district courts enjoy exclusive jurisdiction over civil actions on claims against the United States for

> personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). An "employee of the Government" includes "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States[.]" 28 U.S.C. § 2671 (emphasis added). A "Federal agency . . . does not include any contractor with the United States." Id.

Consistent with this statutory language, the FTCA incorporates an "exemption from liability for injury caused by employees of an independent contractor." Logue v. United States, 412 U.S. 521, 528 (1973). The modern common law recognizes that "the distinction between the servant or agent relationship and that of independent contractor

3

turn[s] on the absence of authority in the principal to control the physical conduct of the performance of the contract." Id. at 527. See also Campbell v. Kovich, 273 Mich. App. 227, 234, 731 N.W.2d 112 (2006) (recognizing that the test for whether a person is an independent contractor is whether that person retains control over the performance of his work). In the context of FTCA liability, courts should consider whether the contract executed by the parties reserved to the Government the authority to physically supervise the day-to-day activities performed under the contract. Logue, 412 U.S. at 530.

The VA and the Pontiac CBOC executed a July 1, 2004 contract, which provides in part:

> It is expressly agreed and understood that this is a nonpersonal services contract, as defined in Federal Acquisition Regulation (FAR) 37.101, under which the professional services rendered by the Contractor or its health-care providers are rendered in its capacity as an independent contractor. The Government may evaluate the quality of professional and administrative services provided but retains no control over professional aspects of services rendered, including, by example, the Contractor's or its health providers' professional medical judgment, diagnosis, or specific medical treatments.
> . . . .

Defendant's Exhibit 2, at 41. Gineman has not alleged or proffered evidence that the VA otherwise retained control over Pontiac CBOC employees' medical judgment, diagnosis, or treatment of individual VA patients. Ashley, 37 F.Supp.2d at 1029 (citing RMI Titanium, 78 F.3d at 1134). Gineman's argument that Pontiac CBOC could be an "employee" of the VA under 28 U.S.C. § 2671 by simply "acting on behalf of [the VA] in an official capacity" ignores that a "[f]ederal agency . . . does not include any contractor with the United States." 28 U.S.C. § 2671. This argument was expressly rejected by the Supreme Court. Logue, 412 U.S. at 531-32. Gineman's argument that there is no difference between a physician who provides care at the Detroit VAMC and a physician who provides care at the Pontiac

CBOC is conclusionary with respect to the relevant inquiry of whether the VA had the authority to control the day-to-day diagnoses and treatments provided by Pontiac CBOC physicians.  Id. at 527.  Gineman's argument that the United States may seek indemnification from Pontiac CBOC is likewise without merit.

Gineman has failed to meet his burden of demonstrating that the court has subject matter jurisdiction over his medical malpractice claims as alleged against Pontiac CBOC, an independent contractor of the VA.  Logue, 412 U.S. at 528; Ashley, 37 F.Supp.2d at 1029 (citing RMI Titanium, 78 F.3d at 1134).  The United States is entitled to dismissal of these claims as a matter of law for lack of subject matter jurisdiction under 28 U.S.C. § 1346(b)(1) of the FTCA.  Id; Sweeton, 27 F.3d at 1169.

## II. Failure to State A Claim

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess whether the plaintiff has stated a claim upon which relief may be granted.  In making that assessment, the court must determine whether the plaintiff's factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965).

Gineman's factual allegations raise plausible claims of medical malpractice as alleged against Detroit VAMC.  Gineman alleges that Detroit VAMC employees were professionally negligent when they failed to properly test, diagnose, and treat his right arm injury on August 15, 2005.  The United States' argument that the allegations are not

5

specific enough to allege plausible medical malpractice claims against Detroit VAMC is not well taken. Twombly, 550 U.S. at 564. The United States concedes federal subject matter jurisdiction over these claims.

### III. Conclusion

Defendant United States' motion to dismiss plaintiff Robert Gineman's medical malpractice claims for lack of subject matter jurisdiction is hereby GRANTED, IN PART, BUT only to the extent the claims pertain to Pontiac CBOC. Gineman's claims as they pertain to Pontiac CBOC ONLY are hereby DISMISSED, without prejudice, for lack of federal subject matter jurisdiction under the FTCA. Defendant United States' motion to dismiss Gineman's medical malpractice claims as alleged against Detroit VAMC is hereby DENIED.

SO ORDERED.

Dated: October 28, 2009

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 28, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk